CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES E. COLEMAN III, | ) | CASE NO. 7:11CV00176 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| MRS. GALLIHER, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Plaintiff Charles E. Coleman III, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Coleman alleges that the defendant prison officials violated his due process rights related to a disciplinary conviction. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Coleman alleges the following sequence of events on which his claims are based. On December 21, 2010, Coleman was placed in segregated confinement at Wallens Ridge State Prison based on two disciplinary charges he incurred. The hearings on these charges were conducted on January 2 and 4, 2011. He was found guilty of both offenses, and the hearing officer sentenced him to serve fifteen days in isolation as to each conviction. Coleman complains that the hearings were not conducted within the time frame allotted by prison policy and that he did not receive credit for prehearing detention time.

Coleman filed a grievance about the alleged problems with the disciplinary hearing and sentences. The warden and the regional director ruled his grievance about these matters to be founded, noting that he had not been afforded due process in accordance with policy and

procedure.[1] Coleman seeks monetary damages for these alleged violations of his due process rights.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). After a review of Coleman's allegations, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). When a defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, state prison regulations may create liberty interests, which are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

---

[1] A grievance response submitted with Coleman's complaint indicates that the warden deemed the grievance founded because no Institutional Classification authority form was located in Coleman's file. The response also indicated that as remedy, appropriate administrative action had been taken on February 17, 2011.

2

The Court in Sandin specifically found that because the disciplinary penalty of segregated confinement imposed in that case did not exceed similar, but totally discretionary confinement in either duration or degree of restriction, this penalty did not implicate any federally protected liberty interest. Id. at 486-87. If the category of confinement that an inmate challenges does not impose atypical hardship on the inmate, then he has no federally protected liberty interest and he is not entitled to federal due process protections before prison officials may impose that form of confinement. Moreover, a state's failure to abide by its own procedural regulations is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983.

Coleman's submissions indicate that the challenged disciplinary proceedings did not result in a penalty that imposed atypical hardship on him. In each case, the imposed penalty was for him to serve time in segregated confinement. However, he does not allege facts demonstrating that conditions in segregation are so atypical as to create a liberty interest under Sandin. Therefore, he alleges no facts indicating that he was entitled to federal due process protections before being penalized with segregation. Because Coleman thus fails to state any constitutional claim, the court will dismiss his § 1983 claims without prejudice, pursuant to § 1915A(b)(1).

Finally, Coleman alleges that the defendants' actions violated his rights under Virginia prison regulations. Section 1983 was intended to protect only federal rights guaranteed by federal law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, any state law claims based on plaintiff's allegations are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice accordingly.

## Conclusion

For the stated reasons, the court concludes that plaintiff's allegations fail to state any claim actionable under § 1983, and that the compliant must be dismissed without prejudice, pursuant to § 1915A(b)(1). The court also declines to exercise supplemental jurisdiction over any possible state law claims, pursuant to § 1367(c). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 18th day of April, 2011.

_____
Chief United States District Judge